IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02157-MEH

TERRY STRUTHERS, and
DATASOURCE CORPORATION,

      Plaintiffs,

v.

TODD BEITLER, and
REAL ESTATE INFORMATION SERVICES, INC.,

      Defendants.

---

**ORDER ON DEFENDANTS' AMENDED MOTION TO DISMISS
OR IN THE ALTERNATIVE TRANSFER VENUE,
OR IN THE ALTERNATIVE STAY PROCEEDINGS**

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Defendants' Amended Motion to Dismiss or in the Alternative Transfer Venue or in the Alternative Stay Proceedings [filed October 13, 2015; docket #21].[1]  Simply put, the parties tried to negotiate a joint venture, negotiations broke down, Defendants believed Plaintiffs had engaged in wrongful conduct and threatened to sue them in Florida federal court, and Plaintiffs filed this declaratory judgment action before Defendants could (and they eventually did) file in Florida.  Defendants believe the second-filed Florida action should proceed alone (either through dismissal or transfer of this case) or, at the very least, should proceed first while this action is stayed.  The issue is a close one, with case law supporting both sides' positions.  In the main, I believe the

---

[1] Pursuant to 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, the parties consented to the jurisdiction of this Court to conduct all proceedings in this civil action.  Docket #28.

Colorado action should be stayed and, therefore, **grant in part** the motion, for the reasons presented below.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties do not disagree on any material fact. They intended to do business together but ultimately failed to find sufficient common ground to proceed. On August 27, 2015, counsel for Defendants presented a letter to Plaintiffs threatening a lawsuit, attaching a copy of their Verified Complaint for Damages, Injunctive Relief and Jury Demand, and seeking a potential resolution of the dispute prior to litigation commencing in the United States District Court for the Southern District of Florida. Plaintiffs' response was to file a declaratory judgment lawsuit in Boulder County, Colorado district court on September 8, 2015, which was removed to this Court on September 30, 2015. The Florida lawsuit was filed on September 15, 2015.

In the Florida action, Defendants (Plaintiffs there) assert thirteen substantive claims for breach of partnership agreement, breach of loan agreement, breach of fiduciary duties, civil theft (for appropriating money for personal use that was intended for the joint benefit of all the parties), accounting, dissolution under Florida statutory law, unjust enrichment, promissory estoppel, injunctive relief to stop Plaintiff Struthers and another person from improperly using Defendants' property, breach of contract, tortious interference, and declaratory relief relating to the rights of the parties in connection with the putative partnership Defendants allege was created. In the present lawsuit, Plaintiffs assert a single claim for a declaration as to the parties respective rights, entitlements, obligations, and duties.

## LEGAL AUTHORITY

The matter before the Court is governed by the Federal Declaratory Judgments Act which

authorizes, but does not compel, federal jurisdiction over suits seeking declaratory relief. 28 U.S.C. § 2201.[2] "Thus, unlike coercive actions, declaratory actions do not invoke the federal judiciary's 'virtually unflagging obligation' to exercise its jurisdiction. Accordingly, federal courts have wide discretion in refusing to hear duplicative declaratory proceedings. Indeed, the Supreme Court has stated that '[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issue.' *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942)." *Sinclair Oil Corp. v. Amoco Prod. Co.,* 982 F.2d 437, 440 (10th Cir. 1992) (citation omitted). Exercise of this discretion involves many considerations.

First, there is a presumption that the first-filed case should not be disturbed. *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Georgia,* 189 F.3d 477, 1999 WL 682883, at *2 (10th Cir.

---

[2]"Diversity actions seeking declaratory relief . . . are generally footed upon the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. *See* 10 Fed. Proc., L. Ed. *Declaratory Judgments* § 23:8, at 19–20 (2007) ("Where diversity of citizenship is the jurisdictional basis of a declaratory judgment action, . . . federal law determines whether a federal court can and may properly render a declaratory judgment." (footnotes omitted) (citing *Farmers Alliance Mutual Insurance Co. v. Jones,* 570 F.2d 1384, 1386 (10th Cir.), *cert. denied,* 439 U.S. 826, 99 S.Ct. 97, 58 L.Ed.2d 119 (1978) (holding that under the *Erie* doctrine, a state declaratory judgment statute is procedural, not substantive))); *Cincinnati Ins. Co. v. Holbrook,* 867 F.2d 1330, 1332–33 (11th Cir.1989) (observing that "invocation of the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, is neither precluded nor controlled by [state] procedural law"), *abrogated on other grounds by Wilton v. Seven Falls Co.,* 515 U.S. 277, 289–90, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (holding that "district courts' decisions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief, should be reviewed for abuse of discretion"); *AG Acceptance Corp. v. Veigel,* 564 F.3d 695, 701 (5th Cir.2009) (holding that state declaratory judgment act is not " 'controlling [state] substantive law' " in a diversity case) []. *Cincinnati Ins. Co. v. AMSCO Windows,* 921 F. Supp. 2d 1226, 1230 (D. Utah 2013) (extraneous citations omitted), *aff'd,* 593 F. App'x 802 (10th Cir. 2014).

1999). "To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993) (citation omitted). "The rule, however, yields to the interests of justice, and will not be applied where a court finds 'compelling circumstances' supporting its abrogation. . . ." *Id.* at 1007. Some of factors the Eighth Circuit identified in determining whether the first-to-file rule should give way may include whether there was a race to the courthouse (which would be a negative factor for the declaratory judgment plaintiff), whether there was bad faith by either party, whether all claims in both lawsuits can be adjudicated in one forum, and which forum is the most convenient for the litigation. Regarding the courthouse race:

> A district court may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction. *See Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.,* 819 F.2d 746, 749 (7th Cir.1987) (where declaratory judgment action is filed in anticipation of trademark infringement action, "infringement action should proceed, even if filed" after the declaratory judgment action); *Amerada Petroleum Corp. v. Marshall,* 381 F.2d 661, 663 (5th Cir. 1967). Here, plaintiff has admitted that one consideration in filing this action was its concern that defendant would file suit. *See* Appellant's Br. at 5-6; Reply Br. at 1. This consideration, combined with defendant''s prior agreement that plaintiff could continue to use its logo throughout the 1998 season, supports our determination that the district court's assessment (dismissing the declaratory action) did not amount to an abuse of discretion.

*Buzas Baseball, Inc.*, 189 F.3d at *3. *See also St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995) ("A district court may choose to avoid a declaratory judgment action because the plaintiff is using the action for procedural fencing.")*; Qwest Commc'ns Int'l, Inc. v. Thomas*, 52 F. Supp. 2d 1200, 1206 (D. Colo. 1999) ("The mere fact that a declaratory judgment action, seeking nothing more than a declaration of the parties' rights and defendant's nonliability,

4

is first-filed in a different federal court, does not entitle that action to deference."). Finally, Defendants point out that their initial letter was an attempt to settle the matter before litigation, a purpose which the courts should support, a proposition with which I agree.

## **ANALYSIS**

It appears that a reasonable exercise of discretion could support either parties' position. Defendants have alleged, and Plaintiffs do not factually dispute, that Plaintiffs filed this lawsuit because they were going to be sued in Florida, where it would be much more expensive and inconvenient to litigate. Although Plaintiffs do not dispute they engaged in a race to the courthouse, they do contend that numerous courts have rejected this argument as a stand-alone basis for preferring the latter-filed substantive action. Defendants' argument is also supported by the admonition to parties to attempt to settle their dispute before engaging in litigation.[3] On the other hand, Plaintiffs allege, and Defendants do not dispute, that the majority of the negotiations and substantive transactions and occurrences underlying the parties' disagreement occurred in Colorado, although Defendants allege that most of the time, the two principals did their negotiation on the telephone from their respective homes in Florida and Colorado. Defendants do dispute that the vast majority of witnesses will be in Colorado, alleging the presence of fourteen nonparty witnesses in Florida, one in Colorado, and twenty-one elsewhere (including overseas). Further, Plaintiffs allege, and Defendants do not dispute, that a party in the Florida action, Ziad Elkurjie, who is a California resident, is not amenable to suit in Florida but has consented to participate in the suit in Colorado

---

[3]I do not believe Defendants' argument that the Florida litigation has seen "substantial proceedings" carries significant weight. Only the discovery process would support such an argument, and the fruits of the discovery efforts engaged in either forum will be available in both.

(although he is not yet a party here). This latter point supports the finding that all issues can be litigated in Colorado in light of Defendants' ability to file counterclaims. Finally, I do not believe either party has engaged in bad faith.

As a matter of discretion, I believe the laudatory purpose of not discouraging settlement efforts prior to engaging in litigation, the clearly evident race to the courthouse, and the geographical nondisparity of evidence, outweigh the Plaintiff's choice of forum and the first-to-file presumption (which, in some courts' views, does not even exist under these circumstances). Further, the Supreme Court's holding that a declaratory action does not invoke the federal judiciary's obligation to exercise its jurisdiction supports permitting the Florida substantive action taking the lead. The Plaintiffs' alleged financial difficulty in litigating in Florida is not insignificant, however, under the new federal rules, federal courts are to take even more seriously Rule 1's mandate to foster just, speedy and inexpensive litigation, as well as an obligation to impose considerations of proportionality. I trust the federal court in Florida to do these. Further, there is no request before me that would prevent the Florida action from proceeding. Thus, if I let the Colorado action go forward, Plaintiffs would be litigating in *two* federal district courts simultaneously. This is certainly inconsistent with Rule 1.

Because there may be additional proceedings that are not resolved in the Florida action, I believe it prudent to impose a stay of this lawsuit rather than outright dismissal or transfer.

## CONCLUSION

Therefore, based on the foregoing and the entire record herein, Defendants' Amended Motion to Dismiss or in the Alternative Transfer Venue or in the Alternative Stay Proceedings [filed October 13, 2015; docket #21] is **granted in part** and the Clerk of Court is **ordered** to stay

proceedings of this case pending further order of this Court.

Entered and dated at Denver, Colorado, this 10th day of December, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge